UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MALIBU MEDIA, LLC,<br>      Plaintiff,<br><br>      v.<br><br>JOHN DOE, subscriber assigned IP<br>Address 69.250.146.93,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 16-00639 (RC/AK) |

**MEMORANDUM OPINION**

Pending before this Court is Plaintiff Malibu Media's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Motion") [2] and Memorandum in support thereof ("Memorandum") [2-1].

**BACKGROUND**

Plaintiff Malibu Media, LLC, produced and owns the copyrights to certain motion pictures that are the subject of this copyright infringement action. (Complaint [1] ¶¶3, 23, 30; Declaration of Colette Pelissier Field in support of Motion [2-2] ¶5.)[1] Plaintiff sues under the Copyright Infringement Act of 1976, as amended, 17 U.S.C. §§101 *et seq.*, alleging *inter alia* that "Defendant [John Doe] downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization" (Complaint [1] ¶24) using a BitTorrent file distribution network. (Complaint [1] ¶¶11-22, 31.)[2] Plaintiff seeks to enjoin the Defendant from infringing Plaintiff's

---

[1] Ms. Pelissier Field and her husband own Malibu Media. (Pelissier Field Decl. ¶2.)
[2] According to Plaintiff, BitTorrent is "one of the most common peer-to-peer file sharing systems used for distributing large amounts of date, including, but not limited to, digital movie files." (Complaint [1] ¶11.)

1

copyrighted works and further requests that the trial court award statutory damages and declaratory relief. (Complaint [1] at 6.)

Plaintiff has identified Defendant's subscribed Internet Protocol ("IP") address assigned by his Internet Service Provider ("ISP"), Comcast Communications, LLC ("Comcast"); however, Defendant's "true name and address" are unknown. (Motion at 1; Memorandum at 3-4.) For this reason, Plaintiff seeks leave to serve a third party subpoena on Comcast that would require the identification of the John Doe subscriber. (Memorandum at 3-4.) Because Defendant has not been named or served, no response was filed to Plaintiff's Motion.

## LEGAL STANDARD

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, although "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," the party may do so "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). "A district court's discretion to order discovery in these circumstances is, in turn, cabined by Rule 26(b)(1)'s general requirements that a discovery order be '[f]or good cause' and related to a 'matter relevant to the subject matter involved in the action.'" *AF Holdings, LLC v. Does 1-1058*, 758 F.3d 990, 995 (D.C. Cir. 2014) (citing a prior version of the Federal Rules); *Arista Records LLC v. Does 1-19*, 551 F.Supp.2d 1, 6-7 (D.D.C. 2008) (noting the "overwhelming" number of cases where plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause standard to permit discovery.)

In 2015, Fed. R. Civ. P. 26(b)(1) was amended and it currently states that information is discoverable if it is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Furthermore, discovery should be precluded if it is

"unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

In cases where the Plaintiff seeks the defendants' identifying information through an ISP, the Plaintiff must request discovery in the judicial districts in which such defendants are located. It is an abuse of the discovery process to "attempt[ ] to gain information about hundreds of IP addresses located all over the country in a single action, especially when many of those addresses fall outside of the court's jurisdiction." *AF Holdings*, *LLC*, 752 F.3d at 997 (citing *Pacific Century International, Ltd. v. Does 1-37*, 282 F.R.D. 189, 196 (N.D.Ill. 2012)). The Plaintiff must therefore demonstrate a good faith belief that the defendant is in this court's jurisdiction. "[I]n order to get jurisdictional discovery[,] a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Caribbean Broadcasting Systems, Ltd. v. Cable & Wireless*, 148 F.3d 1080, 1090 (D.C. Cir. 1998); *Malibu Media, LLC v. Does*, Civ. No. 15-986 (RDM), 2015 WL 5173890, at *1 (D.D.C. Sept. 2, 2015)(same). "[T]he only conceivable way that personal jurisdiction might properly be exercised over these Doe defendants is if they are residents of the District of Columbia or at least downloaded the copyrighted work in the District." *AF Holdings, LLC*, 752 F.3d at 996 (citing D.C. Code §13-423(3), (4) (providing for personal jurisdiction over a person "causing tortious injury in the District of Columbia")). Using a geolocation service that estimates that location of Internet users based on their IP addresses is sufficient to demonstrate a good faith belief that the court has personal jurisdiction over the defendant. *See AF Holdings, LLC*, 752 F.3d at 996.[3]

---

[3] Plaintiff has identified a five-factor test regarding "good cause," which was applied in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), to determine whether discovery of subscriber-identifying information from an ISP is appropriate. (*See* Memorandum at 4 (string citing cases)). In the *Arista* case, the Second Circuit applied this test to review a denial of a

**DISCUSSION**

Plaintiff has demonstrated that good cause exists to take discovery prior to the Rule 26(f) conference.  First, this suit cannot move forward without Plaintiff first being able to identify Defendant so that service can be effected.  *See Arista Records, LLC v. Does*, 551 F.Supp.2d at 6 (D.D.C. 2008).  Second, Plaintiff has established a good faith basis for believing that the putative Defendant is a District of Columbia resident.  Plaintiff asserts that it:

> used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's  acts of copyright infringement occurred using an [IP] address . . . traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because [the] Defendant committed the tortious conduct . . . in this State, and [the] Defendant resides in this State and/or [the] Defendant has engaged in substantial and not isolated business activity in this State.

(Complaint [1] ¶5.)

The use of geolocation technology, which "enable[s] anyone to estimate the location of internet users based on their IP addresses," suffices to "provide at least some basis for determining whether a particular subscriber might live in the District of Columbia."  *See AF Holdings*, 752 F.3d at 996; *see also Nu Image, Inc. v. Does 1-23,322,*, 799 F.Supp.2d 34, 41 (D.D.C. 2011) ("[T]he Plaintiff has a good faith basis to believe that a putative defendant *may* be a District of Columbia resident if a geolocation service places his/her IP address within the

---

motion to quash a subpoena to an ISP. *Id.* at 112-13.  In *Malibu Media , LLC v. Doe, Civil Action No. 15-418 (RDM), 2015 WL 3831396,* a case involving a motion for leave to serve a third party subpoena prior to Rule 26(f)conference, which is factually similar to the case at bar, the court noted that:

> Although it may be appropriate to apply the Second Circuit's test from *Arista Records* if and when Defendant or the ISP moves to quash any subpoena issued pursuant to this order, it would be premature to do so now, before any subpoena has issued and before Defendant and the ISP have had an opportunity to object to the desired discovery.

2015 WL 3831396 at *2 n.1.

District of Columbia, or within a city located within 30 miles of the District of Columbia.") (emphasis in original); *Malibu Media*, 2015 WL 5173890, at *2 (same). The Court therefore finds that Plaintiff should be permitted to propound discovery on Defendant's ISP for the purpose of determining Defendant's identity.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has demonstrated that "good cause" exists to permit limited discovery prior to the Rule 26(f) conference. Accordingly, Plaintiff Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference is granted. An appropriate Order accompanies this Memorandum Opinion.[4]


Date: April 27, 2016    _____/s/_____
                        ALAN KAY
                        UNITED STATES MAGISTRATE JUDGE

---

[4] This Memorandum Opinion and the accompanying Order permit Plaintiff to propound discovery requests earlier than usual. They do not address whether the subpoena will survive any motion to quash made by the Defendant or the ISP. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118-19 (2d Cir. 2010).